IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EASTERN SHAWNEE TRIBE OF OKLAHOMA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:06-cv-02162-JR |
| DIRK KEMPTHORNE, Secretary of the Interior, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**PARTIES' JOINT STATUS REPORT**

On April 11, 2008, the Court issued an Order in this case temporarily staying the proceedings and requiring that a joint status report be filed on or before July 3, 2008 ("April 11 Order"). Plaintiff and Defendants (collectively, the "parties") hereby respectfully submit the following joint status report, pursuant to the April 11 Order.

**I.    Relevant Litigation Background**

1.    Plaintiff has filed this case and a companion case in the United States Court of Federal Claims, asserting claims against Defendants relating to trust accounting and trust management duties and responsibilities allegedly owed by Defendants to Plaintiff. Plaintiff is represented by counsel who also represents 15 other Tribes or Indian entities asserting essentially the same trust accounting and trust mismanagement claims. Plaintiff's attorney, Brian Leinbach, and his co-counsel are currently maintaining a total of 31 trust accounting and trust mismanagement cases in this Court (16 cases)[1] and

---

[1]    The 16 trust accounting and trust mismanagement cases in this Court are <u>Cheyenne River Sioux Tribe v. Kempthorne</u>, No. 1:06cv01897-JR; <u>Confederated Tribes of the Goshute Reservation v. Kempthorne</u>, No. 1:06cv01902-JR; <u>Crow Creek Sioux Tribe v. Kempthorne</u>,

the United States Court of Federal Claims ("CFC") (15 cases),[2] on behalf of Plaintiff and

the 15 other Tribes or Indian entities ("Leinbach Tribes" or "Leinbach cases").  This

Court has temporarily stayed the litigation of this case and the 15 other Leinbach cases,

so that the parties can pursue discussions to determine the possibility of settling or

otherwise resolving the trust accounting and trust mismanagement issues and claims.

The CFC has also temporarily stayed the litigation in Plaintiff's case and the 15 other

Leinbach cases until July 3, 2008, for the same reason, except for Iowa Tribe of Kansas

and Nebraska v. United States, No. 06cv00920-EJD (Fed. Cl.), and Eastern Shawnee

Tribe of Oklahoma v. United States, No. 06cv00917-CFL (Fed. Cl.).  The temporary stay

of litigation in Iowa Tribe expires on September 26, 2008.  The CFC has dismissed the

---

No. 1:06cv00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06cv02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06cv01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05cv02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06cv02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06cv02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06cv02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05cv02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06cv01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR.

[2]    The 15 trust accounting and trust mismanagement cases in the United States Court of Federal Claims are Cheyenne River Sioux Tribe v. United States, No. 06cv00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06cv00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05cv1383L-MCW; Iowa Tribe of Kansas and Nebraska v. United States, No. 06cv00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06cv00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06cv00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06cv00914-LB; Oglala Sioux Tribe v. United States, No. 05cv1378L; Omaha Tribe of Nebraska v. United States, No. 06cv00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06cv00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06cv00923-JPW; Rosebud Sioux Tribe v. United States, No. 06cv00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06cv00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06cv00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06cv00919-LMB.

<u>Eastern Shawnee Tribe</u> case, without prejudice, under 28 U.S.C. § 1500, for lack of jurisdiction.

2.     On December 19, 2007, this Court denied the motions for remand and temporary stay of litigation that Defendants had filed in this case and the 36 other Tribal trust and trust mismanagement cases that are pending before the Court (including the 15 other Leinbach cases), at the direction of the Court.  Further, the Court ordered Plaintiff and the Tribes in the 36 other cases to file status reports by January 18, 2008, proposing next steps or proceedings in the cases.  Plaintiff and the other Leinbach Tribes proposed that the litigation of their cases be temporarily stayed until July 3, 2008, so that the parties could continue in settlement or ADR discussions and that the parties be ordered to submit a joint status report on or before July 3, 2008.  By order dated April 11, 2008, the Court entered the proposal made by Plaintiff and the other Leinbach Tribes.

3.     On April 29, 2008, the Salt River Pima-Maricopa Indian Community ("the Community") filed a motion for the entry of trust record preservation orders ("TRPO"). *See Salt River Pima-Maricopa Indian Community v. Kempthorne ("Salt River Pima-Maricopa")*, No. 06cv02241-JR (D.D.C.), Motion for TRPO (Dkt. No. 31).  In the memorandum accompanying the TRPO Motion, counsel for the Community represented that 22 other Tribes "joined in th[e] motion."  *See Salt River Pima-Maricopa,* No. 06cv02241-JR (D.D.C.), Memo in Support of Motion for TRPO (Dkt. No. 32), at 3.  Plaintiff and the 15 other Leinbach Tribes are among those identified as having joined in the TRPO Motion.  *Id.*  On May 2, 2008, Plaintiff and the 15 other Leinbach Tribes filed formal motions for leave to join in the TRPO Motion in their respective cases.  The Court granted the joinder motions on May 6, 2008.  On June 20, 2008, Defendants filed their

opposition to the TRPO motion in *Salt River Pima-Maricopa*, No. 06cv02241-JR.  Also

on June 20, Defendants filed responses in this case and in the 15 other Leinbach cases,

among other cases, joining the opposition to the Community's TRPO motion in *Salt

River Pima-Maricopa*.

**II.**     **Progress of Settlement or ADR Process**

4.     As explained previously, the Leinbach Tribes (including Plaintiff) and

Defendants have agreed that it would be in their best interests, as well as the interests of

judicial economy and efficiency and the conservation of scarce resources, to explore the

possibility of settlement or other informal resolution of the Tribes' issues and claims in

the Tribes' cases in this Court, as well as in the CFC companion cases, without the need

for protracted litigation.  The parties believe that they have taken significant steps toward

their goal.

5.     The parties have agreed that this case and the 30 other Leinbach cases

involve the same counsel and potentially the same consultants or experts; the cases

present many similar factual and legal trust accounting and trust mismanagement issues

and claims; the cases involve the same principally affected federal agencies; and the

cases implicate the same types of documents and data stored at some of the same

locations or generated by some of the same sources.  Accordingly, the parties have agreed

that it would be sensible to negotiate and implement, if possible, a common approach for

addressing Plaintiff's and the other Leinbach Tribes' issues and claims.  Further, the

parties have agreed that they would select and use two of the Leinbach Tribes, *i.e.*, the

Muscogee (Creek) Nation and the Oglala Sioux Tribe, as the pilot Tribes for testing the

feasibility of the common approach, after the counsel and consultants of the parties have

developed and finalized that approach.  Additionally, the parties have agreed that, after determining the feasibility of the common approach, they would consider adjusting and implementing the approach, to the extent possible, on a rolling basis, in the cases of the 14 other Leinbach Tribes.

6.      The parties expect that Plaintiff and the other Leinbach Tribes would have certain document and data needs relating to their trust funds and non-monetary trust assets or resources.  The parties have agreed that, in their settlement or ADR process, they would focus on addressing those document and data needs through informal requests and productions, and that they would do so, using the Muscogee (Creek) Nation and the Oglala Sioux Tribe first.  Thus, to date, the parties have been and continue to be concentrating their discussions, efforts, and energies on informal document and data production for the two pilot Tribes.

7.      Defendants provided their comments and initial response to Plaintiffs' proposed settlement methodology on December 20, 2007.  Thereafter, the parties conferred and agreed to convene a meeting that would include their consultants; enable the Interior Department to make presentations to Plaintiff's counsel and consultants about certain relevant information; and allow the parties to discuss various settlement-related topics.  The parties negotiated and agreed upon an agenda for the meeting.

8.      On February 25-29, 2008, the parties conducted their meeting at the offices of Plaintiff's counsel in Los Angeles, California.  In attendance were the attorneys for Plaintiff and Defendants, their respective consultants, attorneys from the Solicitor's Office of the United States Department of the Interior, and representatives of the Office

of the Special Trustee for American Indians ("OST"), and the Office of Historical Trust

Accounting ("OHTA").

9.      During the meeting, OHTA and its contractors conducted presentations to

Plaintiff's counsel and consultants about (a) the analyses, results, and supporting

documentation of the Interior Department's Tribal trust fund reconciliation project

("TRP"), for the 1972-1992 period, as they related to the Muscogee (Creek) Nation; (b)

the Common Dataset, which is OHTA's compilation of transaction data for the Muscogee

(Creek) Nation's trust accounts for the 1972-2006 period; (c) OHTA's data completeness

validation procedures report for the 1972-1995 account transaction data; (d) the current

organization, structure, and management of OST; and (e) OST's views about determining

and evaluating historical Tribal trust investment performance.  Defendants had provided

the Common Dataset and the data completeness validation procedures report for the

Muscogee (Creek) Nation to Plaintiff's counsel in December, 2007, when they submitted

their comments and initial response to Plaintiff's proposed settlement methodology.

10.      Also at the meeting, Plaintiff's counsel made a presentation to Defendants

and their representatives, describing generally the nature of the Leinbach Tribes' claims

and the need for particular documents and/or data that, in their opinion, are needed for

them to evaluate their claims and possible damages.

11.      After the presentations, the parties discussed, among other things, the

types of documents and data that are relevant or potentially relevant to the settlement or

ADR discussions; the possible locations and availability of those documents and data for

review and production; and the use of outside mediators or third-party neutral evaluators

in the settlement or ADR process.

12.     Based on their discussions, the parties reaffirmed their agreement as outlined above.  Further, in response to the request of Plaintiff and the other Leinbach Tribes, Defendants expressed willingness and openness to using the services of a mediator or third-party neutral evaluator in the settlement or ADR process.  Plaintiff proposed two possible mediators and provided some background materials on those mediators, for Defendants' consideration.  Defendants agreed to research and evaluate Plaintiff's mediator proposals and also propose other mediator candidates for Plaintiff's review.

13.     Since the parties' meeting in February, 2008, Defendants have made several supplementations of their 2007 production of document images and data, in response to the requests of Plaintiff and the other Leinbach Tribes.  *See* this report below. Among other things, Defendants provided to Plaintiff's counsel, in a searchable MS Access database, the results of the Interior Department's Box Index and Search System ("BISS") relating to the Muscogee (Creek) Nation, the Oglala Sioux Tribe, and the other Leinbach Tribes (including Plaintiff), for the boxes of inactive trust documents located at the American Indian Records Repository ("AIRR").  Further, Defendants' counsel conferred with Plaintiff's counsel about the possibility of conducting a meeting and document inspection at the AIRR.  At Defendants' suggestion, the parties convened a telephone conference call on May 15, 2008, in which Defendants' counsel, attorneys from the Solicitor's Office of the Interior Department, and OST and OHTA representatives and consultants, conducted a tutorial for Plaintiff's counsel and his information technology staffer about the BISS search results and Access database and their uses.  The tutorial covered, among other things, the fundamental features of the

BISS results; the various BISS data fields; the different searching, sorting, and filtering capabilities; and several exemplary searches.

14.    On June 10, 2008, Plaintiff's counsel and Defendants' counsel, attorneys from the Solicitor's Office, and OHTA representatives met at the offices of Defendants' counsel and discussed (a) the Interior Department's preparation and movement of certain inactive documents relating to the Oglala Sioux Tribe from the Pine Ridge Agency to the AIRR; (b) the status of Plaintiff's development of its proposed methodology for the evaluation of the Tribes' trust investment claims; (c) Defendants' mediator proposals; (d) the status of Defendants' informal document and data production relating to the Tribes' trust accounting and trust fund claims; (e) document and data searches relating to the Tribes' non-monetary trust assets and possible trips to the AIRR and agency locations to review documents; and (f) another tutorial on the BISS database.

15.    Defendants' counsel provided Plaintiff's counsel with a high-level inventory of the types of inactive Pine Ridge Agency documents that had been scheduled for movement to the AIRR.  The parties' counsel agreed that they would continue discussing the document move and that the discussions could include certain Tribal officials.

16.    Defendants' counsel provided Plaintiff's counsel with materials about the four mediator candidates that Defendants proposed for Plaintiff's and the other Leinbach Tribes' consideration.  Counsel for the parties agreed that they would review the materials, narrow the list of potential candidates to those deemed suitable for joint interviewing, and discuss the scheduling of those interviews.

17.    Representatives of the Interior Department Solicitor's Office and OHTA demonstrated for Plaintiff's counsel various BISS search methods and ran some sample searches.

18.    The parties' counsel generally discussed the document productions made by Defendants thus far and the possibility of a document inspection trip to the AIRR and to relevant BIA regional and agency offices to review certain documents located therein. OHTA representatives provided a status report about OHTA's preparation of Common Datasets for the remaining Leinbach Tribes (including Plaintiff) and its schedule for producing those Datasets to the Tribes (currently, around September 30, 2008). The OHTA representatives also stated that OHTA would aim to provide copies of paper ledgers for the Tribes by September 30, 2008, as well.

## III.    The Parties' Informal Document and Data Requests and Productions

19.    To date, as requested, Defendants have made informal document and data productions to Plaintiff's counsel that total approximately 132,353 images (12,584 documents) and that relate to Plaintiff and the 15 other Leinbach Tribes generally (*e.g.*, policy documents) or to Plaintiff or the pilot Tribe, Muscogee (Creek) Nation, specifically (*e.g.*, trust fund account-related documents and data). Defendants have produced a large number of these document images and data pursuant to the parties' joint document and data confidentiality stipulations, which this Court and the CFC have reviewed, approved, and entered as protective orders. In addition, Defendants have produced various aids from the National Archives and Records Administration and the Oklahoma Historical Society (for the Muscogee (Creek) Nation) that produce guidance or assistance in researching and locating materials in the publicly accessible document

collections that are relevant or potentially relevant to the issues and claims of Plaintiffs and the other Leinbach Tribes.  Plaintiff's counsel and consultants have been and continue to be reviewing the produced document images, data, and other materials.

20.    Defendants have been and continue to be preparing informal document and data productions specifically relating to the Oglala Sioux Tribe.  Defendants had not made any productions relating to this Tribe previously, because the Tribe was not identified as a pilot Tribe until March, 2008.

21.    At Defendants' request, on April 3, 2008, Plaintiff revised its previous documents requests to reflect what it believed to be the core documents necessary to determine the nature, scope, and amount of its accounting-related claims.  On April 7, 2008, Plaintiff's counsel levied additional informal document and data requests upon Defendants relating to their non-monetary trust-related claims, which heretofore had not been made.  Defendants have been and continue to be evaluating these requests and are preparing to respond to them shortly.

22.    Further, Defendants expect to make informal requests for documents and data from Plaintiff and the 15 other Tribes in the near future.

23.    Simultaneous with Defendants' informal document and data research, acquisition, processing, and production efforts, the parties are continuing their discussions about various approaches for addressing the trust accounting and trust mismanagement claims of Plaintiff and the 15 other Leinbach Tribes, including the Tribes' possible methodological approaches.  On June 26, 2007, the parties' counsel conducted another telephone conference call, in which they discussed steps and possible deadlines for negotiating a plan and a schedule for such activities as joint and cooperative

document inspection and collection efforts at the AIRR and BIA offices; the selection of a mediator; and the Tribes' provision of, and the parties' discussion about, a proposed methodology.

## IV.    Next Steps or Proceedings

24.    As detailed above, the parties have made diligent and notable progress in their joint process to explore and determine the possibility of settling or otherwise resolving, without further litigation, the trust accounting and trust mismanagement issues and claims of Plaintiff and the 15 other Leinbach Tribes.  Nonetheless, they still have additional work and processes to undertake.

25.    Accordingly, the parties request that the Court continue the current temporary stay of litigation and that they file their next joint status report to the Court on January 15, 2009, so that they can devote their time, energies, and limited resources to their continuing effort to resolve this case and the 30 other cases, through settlement or ADR, in as efficient, economical, and resource-conserving a manner as possible.

Respectfully submitted this 3rd day of July, 2008,

/s/ Brian J. Leinbach, by
/s/ Jody H. Schwarz, pursuant to
written authorization on July 3, 2008
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA  90067-4107
Tel:  (310) 552-3800
Fax: (310) 552-9434
Email: bleinbach@elllaw.com

RONALD J. TENPAS
Assistant Attorney General

/s/Jody H. Schwarz
JODY H. SCHWARZ, DC Bar #493998
ANTHONY P. HOANG, FL Bar #0798193
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0245
Tel: (202) 305-0241
Fax: (202) 353-2021
E-mail: jody.schwarz@usdoj.gov
E-mail: anthony.hoang@usdoj.gov

11

Attorneys for Defendant

OF COUNSEL:                                      OF COUNSEL:

PATRICIA A. MARKS                               SHANI WALKER
15992 A.E. Mullinix Road                        Office of the Solicitor
Woodbine, MD  21797-8440                         United States Department of the Interior
Tel:  (410) 489-4553                             Washington, D.C.  20240
Fax: (301) 854-5117
WALTER J. LACK                                  TERESA E. DAWSON
Engstrom, Lipscomb & Lack                        Office of the Chief Counsel
10100 Santa Monica Blvd., 16th Floor             Financial Management Service
Los Angeles, CA  90067-4107                      United States Department of the Treasury
Tel:  (310) 552-3800                             Washington, D.C.  20227
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel:  (310) 858-6944
Fax: (818) 905-7038

Attorneys for Plaintiff